In the Matter of TURF HOUSE, INC., Appellant, v ROBERT A. HAMMOND, as Director of Finance of the County of Albany, et al., Respondents.

Third Department, December 10, 1981

APPEARANCES OF COUNSEL

*Tabner, Carlson, Daffner & Farrell (John W. Tabner* of counsel), for appellant.

*Robert G. Lyman, County Attorney,* for Robert A. Hammond and another, respondents.

*Robert Abrams, Attorney-General (Peter G. Crary* and *Shirley Adelson Siegel* of counsel), for State of New York, respondent.

OPINION OF THE COURT

MAIN, J.

Enacted by the New York State Legislature on June 26, 1980, chapter 693 of the Laws of 1980 is entitled "An Act to enable the county of Albany to impose and collect taxes on occupancy of hotel or motel rooms in Albany county", and it authorized Albany County to adopt a local law imposing

a 1% occupancy tax on persons renting hotel or motel rooms in that county. In pertinent part, section (9) of the act provides as follows: "All revenues resulting from the imposition of the tax under the local law shall be paid into the treasury of the county of Albany and shall be credited to and deposited in a special fund for convention and tourist development * * * The revenue derived from the tax * * * shall be allocated to pay for services performed subject to the terms and conditions contained in contracts which may be entered into between the county and the Albany County Convention and Visitors Bureau, Inc. The funds so allocated shall be used for the purpose of promoting Albany county, its cities, towns and villages, in order to increase convention/trade show and tourist business". Pursuant to this act, the Albany County Legislature adopted Local Law No. 3 for 1980 which imposed the 1% occupancy tax, and petitioner thereupon commenced an article 78 proceeding wherein it sought a declaration that both the act and the local law were unconstitutional. By order dated December 4, 1980 Special Term converted the proceeding into an action for declaratory judgment, and after issue was joined, petitioner and respondents Robert A. Hammond and County of Albany moved for summary judgment. Ultimately, Special Term granted respondents' cross motion for summary judgment, declaring the act and the local law constitutional. Petitioner now appeals.

We hold that the challenged judgment should be affirmed. In so ruling, we note initially the strong presumption of constitutionality which attaches to legislative actions "especially in the area of municipal financing" (Wein v Beame, 43 NY2d 326, 331). Furthermore, the act and local law clearly do not delegate legislative powers to a private association in violation of section 1 of article III of the New York State Constitution as argued by petitioner. While both the act and the local law admittedly provide that the revenue derived from the tax shall be expended in accordance with contracts between Albany County and the Albany County Convention and Visitors Bureau, Inc., a not-for-profit corporation, these provisions on their face plainly do not authorize the delegation of any legislative power to the bureau. Instead, the terms of the contracts by

which the tax receipts may be expended are left entirely within the discretion of the Albany County Legislature and, as Special Term correctly noted, the bureau is placed in the role of an independent contractor performing services for the county.

Similarly without merit is petitioner's argument that the act and the local law authorize the county's delegation of authority to a private corporation without setting forth clearly the obligation and liability of the corporation. As just noted, the subject enactments authorize the delegation of no legislative authority whatsoever to the bureau, and they do provide adequate standards and guidelines for the expenditure of the tax revenue, i.e., it is to be used to promote Albany County and its cities, towns and villages so as to increase convention/trade show and tourist business (see *Matter of Nicholas v Kahn,* 47 NY2d 24).

Petitioner's remaining contentions are also lacking in substance. The tax revenue will be used not for private purposes, but for an obviously public purpose, the promotion of convention and tourist business in Albany County, and the bureau will be properly compensated, as an independent contractor, only for services which it performs for the county. Additionally, the terms and conditions of any subsequent contract between the county and the bureau are in no way incorporated into the act and the local law in violation of sections 1 and 16 of article III of the State Constitution. The enactments in question merely require that the tax revenue be expended in accordance with such contracts, thereby insuring public accountability for such expenditures.

The judgment should be affirmed, with costs.

KANE, J. P., CASEY, YESAWICH, JR., and WEISS, JJ., concur.

Judgment affirmed, with costs.